UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:15-cv-24585-UNGARO/OTAZO-REYES

UNITED STATES OF AMERICA, )
  *ex rel.*, )
BRUCE JACOBS, )
 )
    Plaintiffs, )
 )
v. )
 )
BANK OF AMERICA CORPORATION, )
et. al. )
 )
    Defendants. )
 )

**THE UNITED STATES OF AMERICA'S STATEMENT OF INTEREST WITH RESPECT TO RELATOR'S UNOPPOSED MOTION FOR EXTENSION OF TIME (E.C.F. 74) TO FILE SECOND AMENDED COMPLAINT.**

Pursuant to 28 U.S.C. § 517,[1] the United States submits this Statement of Interest concerning paragraphs 5 and 6 of Relator/Plaintiff Bruce Jacob's ("Relator") "Unopposed Motion for Brief Extension of Time to Respond to this Honorable Court's Order to File Plaintiff's Second Amended Complaint by December 28, 2016" (D.E. 74) ("Relator's Motion"). The United States of America takes no position on Relator's Motion and, while the United States of America has not intervened in this *qui tam* case, the United States remains the real party in interest[2] and continues to monitor this case.

---

[1]     This provision authorizes the Attorney General of the United States to attend to the interests of the United States in any action in federal or state court.

[2]     Although the United States has not intervened and is not a formal party, it remains the real party in interest in this action. *United States ex rel. Eisenstein v. City of New York, New York*, 556 U.S. 928, 930 (2009); *United States ex rel. Walker v. R&F Properties of Lake County, Inc.*, 433 F.3d 1349, 1359 (11th Cir. 2005). The United States has a significant

-1-

Relator's Motion followed this Court's December 20, 2016, Order of Dismissal (D.E. 73), in which the Court, among other things dismissed without prejudice Relator's Amended Complaint and provided Relator "until Wednesday, December 28, 2016, to file a Second Amended Complaint if he wishes to do so." D.E. 73. The Court cautioned that "[f]ailure to file a Second Amended Complaint by such date will result in dismissal of this action without further notice." *Id*.

In paragraph 5 of Relator's Motion, Relator advises this Court that the undersigned, "Assistant United States Attorney James Weinkle has advised that he needs to receive the finalized Second Amended Complaint "at least 48 hours in advance of filing" as he has to review it, leaving the Relator till just December 26, 2016 to finalize the Second Amended Complaint."  In paragraph 6 of Relator's Motion, Relator states "[i]f Assistant United States Attorney James Weinkle finds that the Second Amended Complaint is in fact "significantly different" from the First Amended Complaint that was dismissed, the Second Amended Complaint may have to be filed under seal and the United States government may then be entitled to a new investigatory period to investigate the new allegations in the Second Amended Complaint."  E.C.F. 74 at ¶¶ 5, 6.

Relator however has not provided the Court a contextual background for those representations. The United States' concern is whether Relator's proposed Second Amended Complaint is substantially different from the Relator's First Amended Complaint such that the provisions of 31 U.S.C §3730(b)(2) are triggered.

---

interest in the proper interpretation of the FCA, which plays a central role in the government's ongoing efforts to combat fraud against the public fisc. *See* S. Rep. No. 345, 99th Cong., 2d Sess. at 34 (1986), reprinted in, 1986 U.S.C.C.A.N. 5266, 5299 (FCA is "the Government's primary litigative tool for combating fraud.").

For the Court's edification, the United States provides this Statement of Interest to provide that context and to explain why the United States has requested to review a draft Second Amended Complaint that Relator's counsel has indicted will be substantially different than the First Amended Complaint.

Relator's counsel first informed the undersigned by email on December 2, 2016 that Relator's counsel was "putting the finishing touches on an amended complaint" that Relator was contemplating filing in the near future. The undersigned responded by email within minutes and indicated because of his very busy schedule to "please give [the undersigned] [] at least 2 business days to review it. Once I review it, I will advise you if it needs to be filed under seal or whether it can be filed without seal. Please govern yourselves by the applicable rules pertaining to amending pleadings." The undersigned also requested for Relator's counsel to please advise if Relator has "added new defendants and/or added new counts or claims. Also *advise of any other significant changes*." (emphasis added). Further emails were exchanged that day and on Saturday December 3, 2016. Relator next emailed the undersigned on December 19, 2016 and noted that Relator contemplated "filing a new amended complaint" in the near future and that "the amended complaint *will be significantly different* from our current complaint." (emphasis added). The undersigned responded by email within 25 minutes and stated:

> If you all are going to file another amended qui tam complaint, as I have previously noted, and I state again, I urge you send the draft to me at least 48 business hours in advance of filing. I have very significant deadlines this week in other matters and I will review as soon as I can once you send me the draft of what you intend to file.
>
> If as you have noted it is "*significantly different from [y]our current complaint*" it may have to be filed under seal and it may very well set off a new investigatory period. I cannot opine on that until I see the draft complaint. However, you can certainly be guided by my 7/27/2016 letter

>to you, another copy of which I attach (and which I know you referenced in your email of this morning).

December 19, 2016 Email from AUSA James A. Weinkle to Relator's Counsel (emphasis added).

At approximately 6:30 PM on December 20, 2016, 3 ½ hours after the United States received the Notice of Electronic Filing of the Court's Order of Dismissal, the undersigned wrote an email to Relator's counsel and reminded Relator's counsel of the foregoing request. Counsel for the United States additionally noted that December 26, 2016 is a legal holiday and the Office of the United States Attorney will be closed.

In a letter dated July 27, 2016 the undersigned Assistant United States Attorney advised Relator's counsel of the following:

> If an amended complaint is filed *that differs substantively from the original complaint*, it should be filed under seal and should not be served upon the defendant, pursuant to the False Claims Act's provisions on initiating actions, 31 U.S.C. § 3730(b)(2).  Such an amended complaint would initiate a new sixty-day seal period as to the new matters raised in the amended complaint, subject to extensions, during which the United States would conduct an investigation and elect whether to intervene in and proceed with the action.  Substantive amendments to an original complaint that would trigger a new sixty-day investigatory period include any new allegations of fraud or the addition of defendants not named in the complaint. (emphasis added).

July 27, 2016 Letter from AUSA James A. Weinkle to Relator's Counsel (emphasis added).

Courts hold that the 31 U.S.C. §3730(b)(2) provision "encompasses original complaints and amended complaints, where the latter add new claims for relief or new and substantially different allegations of fraud." *United States ex rel. Davis v. Prince*, 766 F. Supp. 2d 679, 683–84 (E.D. Va. 2011); *United States ex rel. McCurdy v. Gen. Dynamics Nat. Steel & Shipbuilding*, No. 07CV982 BTM (CAB), 2010 WL 1608411, at *1 (S.D.Cal. Apr. 20, 2010).. Indeed, the important Section 3730(b)(2) statutory purpose of providing the government the

opportunity to decide whether it wants to intervene in a pending fraud suit[3] "would be frustrated were the term "complaint" construed to exclude amended complaints." *Prince, supra,* at 684. If, however, the amended complaint does not include new claims or substantially different allegations of fraud, the purpose of the sealing requirement loses force because the government does not need another opportunity to decide whether to intervene. *Id.*; *see also , U.S. ex rel. Saldivar v. Fresenius Med. Care Holdings, Inc.,* 972 F. Supp. 2d 1317, 1326 (N.D. Ga. 2013); *United States v. Lincare Holdings, Inc.*, No. 10-21094-CIV-HOEVELER, 2014 WL 11860706, at *3 (S.D. Fla. Mar. 26, 2014).

The United States has not yet seen a draft of a second amended complaint and has no idea of how it may substantially differ from the First Amended Complaint which this Court dismissed. Because Relator has not yet provided the undersigned with a draft, the United

---

[3] "The primary purpose of this 31 U.S.C. §3730(b)(2) seal requirement is to balance the qui tam relator's interest in initiating the lawsuit with the Government's interest in investigating the relator's claim and intervening or alternatively pursuing a possible criminal case." *United States ex rel. Bibby v. Wells Fargo Home Mortg. Inc.*, 76 F. Supp. 3d 1399, 1406–07 (N.D. Ga. 2015), appeal dismissed (Apr. 16, 2015). Courts recognize that "[t]he seal provision provides an appropriate balance between these two purposes by allowing the qui tam relator to start the judicial wheels in motion and protect his litigative rights, while allowing the government the opportunity to study and evaluate the relator's information for possible intervention in the qui tam action or in relation to an overlapping criminal investigation. *Id*. at 1407 (citing *United States ex rel. Lujan v. Hughes Aircraft Co.*, 67 F.3d 242, 247 (9th Cir.1995) (citing S.Rep. No. 345, 99th Cong., 2d Sess. 24, reprinted in 1986 U.S.C.C.A.N. 5266, 5289).)

States does not yet know whether it will be necessary for such a second amended complaint to be filed under seal or whether an additional investigatory period will be triggered.

Dated: December 23, 2016

Respectfully submitted,

**WIFREDO A. FERRER**
**UNITED STATES ATTORNEY**

/  James A. Weinkle
**JAMES A. WEINKLE**
**Assistant United States Attorney**
Fla. Bar No.: 0710891
99 N.E. 4th Street,
Miami, Florida 33132

Tel: 305.961.9290

Email: James.Weinkle@usdoj.gov

Counsel for the United States of America

## CERTIFICATE OF FILING AND SERVICE

I HEREBY CERTIFY that on December 23, 2016, I electronically caused the foregoing document to be filed with the Clerk of Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

/**James A. Weinkle**
James A. Weinkle
Assistant United States Attorney