UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:15-cv-24585-UU

BRUCE JACOBS,

    Plaintiff,

v.

BANK OF AMERICA CORP.,
*et al.*,

    Defendants.
_____/

## ORDER ON APPEAL OF MAGISTRATE JUDGE'S ORDER

THIS CAUSE is before the Court upon Plaintiff-Relator's Objection to Discovery Order [D.E. 198] Limiting the Scope of the Claim Alleged in the Second Amended Complaint, D.E. 200.

THE COURT has reviewed the pertinent portions of the record and is otherwise fully advised in the premises. For reasons set forth below, Plaintiff's Appeal is DENIED.

On July 7, 2017, Magistrate Judge John O'Sullivan issued a Discovery Order which, among other things, limited discovery in this case "to that which is relevant and proportional to proving or disproving the allegations concerning the 39 FHA claims pleaded in Plaintiff's Second Amended Complaint [D.E. 79] including but not limited to Exhibit FF [D.E. 79-32] thereto." D.E. 198 p. 1. In particular, Magistrate Judge O'Sullivan ruled:

> The Second Amended Complaint fails to plead with particularity sufficient allegations for country-wide, Florida-wide or South Florida-wide discovery. Discovery in qui tam actions is limited to the pleadings, and here, the Second Amended Complaint pleads five detailed examples of FHA claims based on alleged fraud and then 34 additional examples of FHA claims based on the same alleged fraud identified in Exhibit FF [D.E. 79-32]; discovery will be permitted only on those 39 FHA claims. However, paragraph 56 of the Second Amended Complaint alleging thousands of additional FHA claims based on the same fraud,

> which is based on information and belief, is not sufficient to state a nationwide case or a claim for any additional FHA claims.

*Id.*

On July 13, 2017, Plaintiff appealed Magistrate Judge O'Sullivan's Order. D.E. 100. Plaintiff requests that this Court overrule Magistrate Judge O'Sullivan's Order to permit discovery as to all nationwide foreclosures resulting in FHA mortgage insurance claims from April 2012 to present which, according to Defendants' representations, would amount to "81,000 post-NMS foreclosures." D.E. 200, 209 p. 1, 217.

The Court has carefully considered the parties' arguments and the legal authority cited therein. Upon due consideration, the Court has determined that Magistrate Judge O'Sullivan's Order should be affirmed because is not clearly erroneous or contrary to law and this Court wholly concurs with his decision on the merits. Local Magistrate Judge Rule 4; 28 U.S.C. § 636(b)(1)(A); *see, e.g.*, *U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1359 (11th Cir. 2006) ("The particularity requirement of Rule 9 is a nullity if Plaintiff gets a ticket to the discovery process without identifying a single claim."); *U.S. ex rel. Duxbury v. Ortho Biotech Prod., L.P.*, 719 F.3d 31, 39 (1st Cir. 2013) (district court properly "limited discovery to those allegations, contained in paragraph 211 of the amended complaint, which satisfied Rule 9(b)'s particularity requirement [because this ruling was] entirely consistent with the district court's 'considerable latitude' in assessing the proper scope of discovery."); *U.S. ex rel. Bane v. Breathe Easy Pulmonary Servs., Inc.*, No. 8:06-CV-40-T-24MAP, 2008 WL 4057549, at *1 (M.D. Fla. Aug. 27, 2008) ("[D]iscovery in *qui tam* actions must be limited and tailored to the specificity of the complaint."). Accordingly, it is

ORDERED AND ADJUDGED that Plaintiff's Appeal, D.E. 198, is DENIED. Plaintiff's objection to Magistrate Judge O'Sullivan's Order, D.E. 200, is OVERRULED. The parties SHALL FULLY comply with Magistrate Judge O'Sullivan's Discovery Order, D.E. 198.

DONE AND ORDERED in Chambers at Miami, Florida, this 4th day of August, 2017.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided: counsel of record