## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 1:15-cv-24585-UNGARO/O'SULLIVAN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| *ex rel.*, **BRUCE JACOBS,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **BANK OF AMERICA CORPORATION;** | ) |
| **BANK OF AMERICA, N.A.;** | ) |
| **BAC HOME LOANS SERVICING L.P.;** | ) |
| **COUNTRYWIDE HOME LOANS, INC.;** | ) |
| **COUNTRYWIDE FINANCIAL CORPORATION;** | ) |
| **COUNTRYWIDE MORTGAGE VENTURES, LLC.** | ) |
| **COUNTRYWIDE BANK, F.S.B.; and** | ) |
| **RECONTRUST COMPANY, N.A.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

### JOINT STIPULATION FOR DISMISSAL

Pursuant to Federal Rule of Civil Procedure 41(a)(1) and the qui tam provisions of the False Claims Act, 31 U.S.C. § 3730(b)(l), the United States of America ("United States"), Relator Bruce Jacobs ("Relator" or "Jacobs") and Defendants Bank of America Corporation; Bank of America, N.A.; BAC Home Loans Servicing L.P.; Countrywide Home Loans, Inc.; Countrywide Financial Corporation; Countrywide Mortgage Ventures, L.L.C.; Countrywide Bank, F.S.B.; and Recontrust Company, N.A., (collectively the "Bank of America Parties" or "Defendants") through their respective undersigned counsel, hereby stipulate to the dismissal of this action as follows:

1.    The United States, Jacobs and the Bank or America Parties have settled this action.

2.      As such, the parties stipulate to the dismissal, with prejudice as to those certain 39 civil "Implied Certification and False Statement Claims"[1] against the Bank of America Parties arising from the 39 loans identified in Exhibit FF to Relator's Second Amended Complaint [D.E. 79-32] (hereinafter the "39 Intervened Implied Certification and False Statement Claims").

3.      Further, the parties stipulate to the dismissal with prejudice as to Jacobs of all other claims that he brought or could have brought in this action.

4.      Finally, the parties stipulate to the dismissal without prejudice as to the United States as to any claims other than the 39 Intervened Implied Certification and False Statement Claims.

5.      The United States, Relator and the Bank of America Parties further request that the Court retain jurisdiction to enforce the terms, conditions and releases of the Settlement

---

[1]   Relator's Second Amended Complaint alleges False Claims Act ("FCA") violations and unjust enrichment involving the Bank of America Parties' application for and receipt of FHA mortgage insurance payments from the U.S. Department of Housing and Urban Development ("HUD") and the Federal Housing Administration ("FHA"). Jacobs alleges that the Bank of America Parties submitted false claims and made false statements and reports, in violation of the FCA, in two principal ways. First, that the Bank of America Parties allegedly violated the FCA by "prosecut[ing] foreclosures using surrogate signed endorsements placed on original notes," by "submit[ting] false statements and testimony about the dates when endorsements were stamped," and by "us[ing] purported assignments to the . . . MERS [Mortgage Electronic Registration System, Inc.] . . . to mislead courts into believing that [Defendants] had received an assignment of a mortgage that would confer standing to foreclose." Omnibus Order at 4-5 (internal quotation marks omitted in Order); Jacobs' Second Amended Complaint, ¶ 52) [the "Implied Certification and False Statement Claims"]. Jacobs attached as Exhibit FF to Jacobs' Second Amended Complaint a spreadsheet of 39 "FHA Claims Identified By FHA Case Number With Dates & Amounts Paid To Bank Of America, N.A. and Their Affiliates." On August 4, 2017, the Court limited discovery in this action "to that which is relevant and proportional to proving or disproving the allegations concerning the 39 FHA claims pleaded in [Jacobs]' . . . Second Amended Complaint [D.E. 79] including but not limited to Exhibit FF [D.E. 79-32] thereto." D.E. 223 [the "39 civil "Implied Certification and False Statement Claims""]. Second, Jacobs asserted a reverse false claims act claim (Jacobs' Second Amended Complaint, ¶ 51) and a related conspiracy claim, that this Court dismissed with prejudice.

Agreement, to the extent reasonably necessary and appropriate. A fully executed copy of the

Settlement Agreement is appended hereto.

A proposed order accompanies this motion.

Dated: January 5, 2018

**WilmerHale, LLP**
**Matthew T. Martens, Esq.**
D.C. Bar No.: 1019099
1875 Pennsylvania Ave. NW
Washington, DC 20006
Tel.: 202.663.6921/Fax: 202.663.6363
E-mail: matthew.martens@wilmerhale.com

**WilmerHale, LLP**
**Andrea J. Robinson** (*pro hac vice*)
60 State Street
Boston, MA 02109
Tel.: 617.526.6000/Fax: 617.526.5000
Email: Andrea.Robinson@wilmerhale.com

**Liebler, Gonzalez & Portuondo**
44 West Flagler Street
Miami, FL. 33130
Tel: 305.379.0400/Fax: 305.379.9626
Email: cmm@lgplaw.com

**By:** */s/ Christine M. Manzo*
        Christine M. Manzo
        Florida Bar No. 0052121

Counsel for Defendants
Bank Of America Corporation,
Bank Of America, N.A.,
Bac Home Loans Servicing, L.P.,
Countrywide Home Loans, Inc.,
Countrywide Financial Corporation,
Countrywide Mortgage Ventures, L.L.C.,
Countrywide Bank, F.S.B., and
Recontrust Company, N.A.

Respectfully submitted,

**BENJAMIN G. GREENBERG**
**United States Attorney**

**By:** */s/ James A. Weinkle*
        **JAMES A. WEINKLE**
        **Assistant United States Attorney**
        Fla. Bar No.: 0710891
        99 N.E. 4th Street, Suite 300
        Miami, Florida 33132
        Tel: 305.961.9290/Fax: 305.530.7139
        Email: James.Weinkle@usdoj.gov

Counsel for United States of America

**Bruce Jacobs**

**By:** */s/ Bruce Jacobs*
        Bruce Jacobs
        Florida Bar No.: 116203
        **Jacobs │ Keeley, PLLC**
        Alfred I. DuPont Building
        169 E Flagler St, Suite 1620
        Miami, FL 33131-1211
        Tel: 305.358.7991/Fax: 305.358.7992
        Email: Jacobs@JAKELegal.com

As Relator, as an Individual and as Counsel
for Relator

**Jacobs │ Keeley, PLLC**
Alfred I. DuPont Building
169 E Flagler St, Suite 1620
Miami, FL 33131-1211
Tel: 305.358.7991/Fax: 305.358.7992
Email: Keeley@JAKELegal.com

By: **/s/ *Court Keeley*** _____
      **Court Keeley, Esq.**
      Florida Bar No.: 23441

As Counsel for Relator

**The LS Law Firm**
Four Seasons Tower, Suite 1200
1441 Brickell Ave
Miami, FL 33131-3439
Tel: 305.503.5503/Fax: 305.503.6801
Email: lsanchez@thelsfirm.com

By: **/s/ *Lilly Ann Sanchez*** _____
      **Lilly Ann Sanchez, Esq.**
      Florida Bar No.: 195677

As Counsel for Relator

**Kuehne Davis Law, P.A.**
100 SE 2nd St, Suite 3550
Miami, FL 33131-2112
Tel: 305.789.5989/Fax: 305.789.5987
Email: Ben.Kuehne@KuehneLaw.com

By: **/s/ *Benedict P. Kuehne*** _____
      **Benedict P. Kuehne, Esq.**
      Florida Bar No.: 233293

As Counsel for Relator

**Haber Slade, P.A.**
201 S. Biscayne Blvd. Suite 1205
Miami, FL 33131
Tel: 305.379.2400/Fax: 305.379.1106
E-mail: dhaber@dhaberlaw.com
E-mail: rslade@dhaberlaw.com

By: **/s/ *David B. Haber*** _____
      **David B. Haber, Esq.**
      Florida Bar No.: 435368
      **Roger Slade, Esq.**
      Florida Bar No.: 41319

As Counsel for Relator

## CERTIFICATE OF FILING AND SERVICE

I HEREBY CERTIFY that on January 5, 2018, I electronically caused the foregoing document to be filed with the Clerk of Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ James A. Weinkle*
James A. Weinkle
Assistant United States Attorney

## SETTLEMENT AGREEMENT

This Settlement Agreement ("**Agreement**") is entered into, as of the Effective Date (defined below), among the United States of America, acting through the United States Department of Justice and on behalf of the United States Department of Housing and Urban Development and the Federal Housing Administration (collectively the "**United States**"), Bank of America Corporation; Bank of America, National Association; BAC Home Loans Servicing L.P.; Countrywide Home Loans, Inc.; Countrywide Financial Corporation; Countrywide Mortgage Ventures, L.L.C.; Countrywide Bank, F.S.B.; and ReconTrust, N.A., (collectively the "**Bank of America Parties**") and Bruce Jacobs ("**Jacobs**" or "**Relator**") (the **United States**, **Bank of America Parties** and **Relator Jacobs** are hereafter collectively referred to as "the **Parties**"), through their authorized representatives.

## RECITALS

A.    On December 14, 2015, **Jacobs** filed an action, as **Relator**, in the United States District Court for the Southern District of Florida captioned *United States of America, Plaintiff, ex rel. Bruce Jacobs, Plaintiff-Relator vs. Bank of America Corporation; Bank of America, N.A.; BAC Home Loans Servicing L.P.; Countrywide Home Loans, Inc.; Countrywide Financial Corporation; Countrywide Mortgage Ventures, L.L.C.; Countrywide Bank, F.S.B.; and Recontrust Company, N.A., Case No.: 1:15-cv-24585-Ungaro/O'Sullivan*, pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b) (the "**Civil Action**"). **Jacobs** subsequently filed a First Amended Complaint and a Second Amended Complaint (collectively with the original complaint, the "**Jacobs Complaint**") in the **Civil Action**.

B.    The **Jacobs Complaint** alleges False Claims Act ("FCA") violations and unjust enrichment involving the **Bank of America Parties**' application for and receipt of FHA mortgage insurance payments from the Department of Housing and Urban Development and the Federal Housing Administration. **Jacobs** alleged that the **Bank of America Parties** submitted false claims, in violation of the FCA, in two principal ways. First, that the **Bank of America Parties** allegedly violated the FCA by "prosecut[ing] foreclosures using surrogate signed endorsements placed on original notes," by "submit[ting] false statements and testimony about the dates when endorsements were stamped," and by "us[ing] purported assignments to the . . . MERS [Mortgage Electronic Registration System, Inc.] . . . to mislead courts into believing that

[Defendants] had received an assignment of a mortgage that would confer standing to foreclose." [hereinafter, the "**Implied Certification and False Statement Claims**"] Omnibus Order at 4-5 (internal quotation marks omitted in Order); **Jacobs**' Second Amended Complaint, ¶52). **Jacobs** attached as Exhibit FF to **Jacobs**' Second Amended Complaint a spreadsheet of 39 "FHA Claims Identified By FHA Case Number With Dates & Amounts Paid To Bank Of America, N.A. and Their Affiliates." Second, **Jacobs** asserted a reverse false claims act claim alleging the **Bank of America Parties** made false statements when entering into the April 4, 2012 National Mortgage Settlement ("NMS") Consent Judgment, which required compliance with various HUD servicing standards and regulations because they allegedly knew when agreeing to the Consent Judgment, that they did not intend to "perform as promised [their] obligation to make sure that foreclosure-related filings were to be 'accurate and complete and . . . supported by competent and reliable evidence.'" **Jacobs**' Second Amended Complaint, ¶51 [hereinafter, the "**Reverse False Claim claim**"]. In its April 27, 2017 Order On Motion For Reconsideration, the Court dismissed **Jacobs**' **Reverse False Claim claim** and the related "conspiracy claim" with prejudice. D.E. 151 at 14. On August 4, 2017, the Court overruled **Jacobs**' objections to the Magistrate Judge's July 7, 2017 Discovery Order [D.E. 198] which, among other things, limited discovery in the **Civil Action** "to that which is relevant and proportional to proving or disproving the allegations concerning the 39 FHA claims pleaded in [**Jacobs**]' . . . Second Amended Complaint [D.E. 79] including but not limited to Exhibit FF [D.E. 79-32] thereto." D.E. 223.

C.      Pursuant to the FCA, 31 U.S.C. § 3730(b)(2) and (4), the **United States** moved to intervene for settlement purposes in the **Civil Action** and the Court granted that motion on January 3, 2018. D.E. 270.

D.      The **United States** contends that it has certain civil claims against **Bank of America Parties** arising from the Implied Certification and False Statement Claims described in Paragraph B above as to the 39 loans identified in Exhibit FF to **Relator**'s Second Amended Complaint. The conduct is referred to below as the "**Covered Conduct**."

E.      This **Agreement** is neither an admission of liability by the **Bank of America Parties** nor a concession by **Relator** or the **United States** that the claims are not well founded.

The **Bank of America Parties** deny the **United States**' allegations in Paragraph D and the **Relator**'s allegations in the **Civil Action**.

F.        **Relator** claims entitlement under 31 U.S.C. § 3730(d) to a share of the proceeds of this **Agreement** and to **Relator**'s reasonable expenses, attorneys' fees and costs.

To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this **Agreement**, the **Parties** agree and covenant as follows:

## TERMS AND CONDITIONS

1.        Each and every term of this **Agreement** shall become null and void and without force and effect unless both of the following conditions are either satisfied or otherwise waived in writing by the **Bank of America Parties** and **Relator**:

a.   Entry of an Order granting the Unopposed Joint Motion of the **Bank of America Parties** and **Relator** by the United States District Court for the Southern District of Florida finding that: (1) the reasonable expenses, attorneys' fees, and costs to which **Relator** is entitled pursuant to 31 U.S.C. § 3730(d)(2) are no more than the $1.6 million **Fee Amount** set forth in Paragraph 4 of this **Agreement**; and (2) any additional payment of attorneys' fees, expenses, or costs to **Relator** or to **Relator**'s current or former **Counsel** would be unwarranted and unreasonable.

b.   Entry of an Order of Dismissal of the **Civil Action** referenced in Paragraph 5 of this **Agreement** by the United States District Court for the Southern District of Florida upon the Joint Stipulation for Dismissal in the form appended hereto as Addendum "1."

2.        No later than twenty (20) days after the **Effective Date** of this **Agreement**, the **Bank of America Parties** shall pay to the **United States** the sum of **Three Million Four Hundred Thousand Dollars ($3,400,000.00)** (the "**Settlement Amount**") by electronic funds transfer pursuant to written instructions to be provided by the Office of the United States Attorney for the Southern District of Florida.

3.        Conditioned upon the **United States** receiving the Settlement Amount from the **Bank of America Parties** and as soon as feasible after receipt, the **United States** shall pay $891,000.00 to **Relator** by electronic funds transfer to the Trust Account of the LS Law Firm.

4.      Within twenty (20) days of the **Effective Date** of this **Agreement** and receipt of an IRS Form W-9 from the LS Law Firm, the **Bank of America Parties** shall pay to **Jacobs' Counsel** (as identified in Paragraph 28 below) $1,500,000.00 in attorneys' fees, and $100,000.00 in costs and expenses (collectively, the "**Fee Amount**"). Such payment shall be made by electronic funds transfer to the trust account of LS Law Firm pursuant to written instructions (including notice of the Fee Amount agreed upon) to be provided by the LS Law Firm in full payment of **Relator**'s claims for expenses, attorneys' fees, and costs. In no event shall the **Fee Amount** be more than one million six hundred thousand dollars ($1,600,000.00). Upon tendering the funds provided for in this paragraph, the **Bank of America Parties** shall have no further liability to **Jacobs** or his attorneys for the payment of legal costs or attorneys' fees.

5.      Upon execution of this **Agreement**, the Parties shall promptly sign and file in the **Civil Action** a Joint Stipulation of Dismissal of the **Civil Action** pursuant to Rule 41(a)(1) and proposed Order of Dismissal in the form appended hereto as Addendum "1" requesting the Court to retain jurisdiction to enforce the terms of this **Agreement**.

6.      Subject to the exceptions in Paragraph 8 (concerning excluded claims) below, and conditioned upon the **Bank of America Parties**' full payment of the **Settlement Amount**, the **United States** releases the **Bank of America Parties**, together with their current and former parent corporations; direct and indirect subsidiaries; brother or sister corporations; divisions; current or former corporate owners; and the corporate successors and assigns of any of them, from any civil or administrative monetary claim the **United States** has for the **Covered Conduct** under the False Claims Act, 31 U.S.C. §§ 3729 *et seq.*; the Contract Disputes Act, 41 U.S.C. §§ 7101 *et seq.*; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; the Trust in Negotiations Act, 10 U.S.C. § 2306a, 41 U.S.C. § 3501; or the common law and/or equitable theories of breach of contract, payment by mistake, unjust enrichment, and fraud.

7.      Subject to the exceptions in Paragraphs 7(a), 7(b), 7(c) and 8 (concerning excluded claims), below, and conditioned upon the **Bank of America Parties**' full payment of the **Settlement Amount** and **Fee Amount**, **Jacobs**, for himself and for his heirs, successors, and assigns, and **Jacobs' Counsel**, agents and representatives (solely in their capacities as **Jacobs**' attorneys, agents and representatives, respectively, and not in their individual capacities and not in their capacities as attorneys, agents, or representatives for others except as stated in Paragraph

7(b) below), or anyone who has the right, ability, standing, or capacity to assert, on behalf of the foregoing individuals or entities, claims being released herein in whole or in part, releases the **Bank of America Parties**, and their past and present affiliates, subsidiaries, and parents, and the directors, officers, employees, agents, insurers, and attorneys for each of the foregoing, and any successors or assigns of the same (the "**Released Parties**") from any and all liability with regard to any claims of any type (whether or not related to mortgages) for conduct up through the date of the release, and promises to refrain from, in either a personal or representative capacity (whether on behalf of himself, the **United States**, or others), instituting, maintaining, or causing to be instituted or maintained, any civil cause of action, claim, adjustment, set-off, or other proceeding against the **Released Parties**, for any and all claims, known or unknown, contemplated or not contemplated, under any federal, state, local, statutory or common law or any other law, rule, or regulation, whether asserted under the laws of the **United States** or any state therein or the laws of any other country, government, or political body, whether fixed or contingent, accrued or unaccrued, liquidated or not, including but not limited to the False Claims Act, and any statutory, rule-based, regulation-based, common law or equitable theories, including fraud, breach of contract, unjust enrichment, or payment by mistake, whether or not related to mortgages. This release includes, but is not limited to, any claims based on loans originated prior to the date of the release (regardless of the date on which any foreclosure or other conduct occurred or occurs), claims asserted in the **Civil Action**, claims related to the **Civil Action**, and claims asserted or that could have been asserted in the **Civil Action**. **Jacobs** agrees not to assert in any forum that the **Released Parties** or their counsel committed any violation of any ethical or other rule relating to the defense of the action. **Jacobs** expressly waives with respect to the released claims any and all provisions, rights and benefits conferred by California Civil Code § 1542 and also by any law of any other state or territory of the **United States**, or principle of federal or common law, which is similar, comparable, or equivalent to California Civil Code § 1542, which section reads as follows: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the releases, which if known by him or her must have materially affected his or her settlement with the debtor." **Jacobs** acknowledges, after conferring with his counsel, that he may hereafter discover facts in addition to or different from those which he now knows or believes to

be true with respect to the subject matter of the released claims, but he shall have fully, finally, and forever settled and released any and all released claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including but not limited to, released claims relating to conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Parties acknowledge that the foregoing waiver was separately bargained for and was a key element and a material term of the **Agreement**. **Jacobs** agrees and covenants not to commence or prosecute any suits, actions, claims or counterclaims, causes, causes of action, counts, remedies, promises, damages, liabilities, debts, dues, sums of money, accounts, reckonings, obligations, judgments, writs of execution, liens, levies, attachments, costs, expenses, fees, bonds, bills, specialties, covenants, controversies, agreements, set-offs, third party actions or proceedings of whatever kind or nature, whether at law, equity, statutory, administrative, arbitration or otherwise, whether known or unknown, foreseen or unforeseen, accrued or unaccrued, suspected or unsuspected, which he may now have or have ever had, in either a personal or representative capacity, against, or to make demands upon, the **Released Parties** based in whole or in part on conduct through the date of the release. **Jacobs** represents that there are no pending matters within the scope of the release and no prior pledge, assignment, or other conveyance of any interest in any rights within the scope of the release.

a.  Notwithstanding any provision of this **Agreement**, **Jacobs** reserves the right to serve as counsel to clients in any cases brought by or against the **Bank of America Parties**, or in which the **Bank of America Parties** may otherwise be involved, and reserves the right to raise any claims or defenses for those clients, and to recover any attorneys' fees, and costs to which **Jacobs** and/or his clients may be entitled, none of which are released or otherwise affected in any manner by this settlement. The claims and defenses of those clients, which are not released or otherwise affected by the settlement, may include (without limitation) any claims or defenses that concern assignment of mortgages by MERS and/or surrogate-signed endorsements, whether or not the endorsements were affixed with rubber stamps.

b. **Jacobs' Counsel** waive and release the right to serve as **Relator** or class representative only in any *qui tam* or class action claims or lawsuits based upon the **Covered Conduct**, the **Reverse False Claims claim**, and any conspiracy to commit either of the same. Nothing herein is intended to preclude **Jacobs' Counsel** from representing **Jacobs**, his heirs, successors, and assigns on other matters not released in the Release referenced in Paragraph 7 above. Nothing herein is intended to preclude **Jacobs' Counsel** from representing clients other than those referenced in Paragraph 7 above.

c. **Jacobs** reserves the right to, in any cases in which he is counsel for a client other than himself, contest the validity of MERS assignments or stamped note endorsements.

8.　　Notwithstanding the releases given in Paragraphs 6 and 7 of this **Agreement**, or any other term of this **Agreement**, the following claims of the **United States** are specifically reserved and are not released:

a. Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

b. Any criminal liability;

c. Except as explicitly stated in the Agreement, any administrative liability, including the suspension and debarment rights of any federal agency;

d. Any liability to the **United States** (or its agencies) for any conduct other than the **Covered Conduct**;

e. Any liability based upon obligations created by this **Agreement**.

f. Any liability of individuals.

9.　　**Relator** and his heirs, successors, attorneys, agents, and assigns shall not object to this **Agreement** but agree and confirm that this **Agreement** is fair, adequate, and reasonable under all the circumstances, pursuant to 31 U.S.C. § 3730(c)(2)(B). Conditioned upon **Relator**'s receipt of the payment described in Paragraph 3, **Relator** and his heirs, successors, attorneys, agents, and assigns fully and finally release, waive, and forever discharge the **United States**, its agencies, officers, agents, employees, and servants, from any claims arising from the filing of the **Civil Action** or under 31 U.S.C. § 3730, and from any claims to a share of the proceeds of this **Agreement** and/or the **Civil Action**.

10.　　The **Bank of America Parties** waive and shall not assert any defenses the **Bank of America Parties** may have to any criminal prosecution or administrative action relating to

the **Covered Conduct** that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this **Agreement** bars a remedy sought in such criminal prosecution or administrative action. Nothing in this paragraph or any other provision of this **Agreement** constitutes an agreement by the **United States** concerning the characterization of the Settlement Amount for purposes of the Internal Revenue laws, Title 26 of the United States Code.

11.     The **Bank of America Parties** fully and finally release the **United States**, its agencies, officers, agents, employees, and servants, from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) that the **Bank of America Parties** have asserted, could have asserted, or may assert in the future against the **United States**, its agencies, officers, agents, employees, and servants, related to the **Covered Conduct** and the **United States**' investigation, prosecution thereof and intervention in the **Civil Action** for the purposes of settlement.

12.     Unallowable Costs.

    a.     Unallowable Costs Defined: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47) incurred by or on behalf of the **Bank of America Parties**, and their present or former officers, directors, employees, shareholders, and agents in connection with:

        (1)     the matters covered by this **Agreement**;

        (2)     the **United States**' audit(s) and civil investigation(s) of the matters covered by this **Agreement**;

        (3)     the **Bank of America Parties**' investigation, defense, and corrective actions undertaken in response to the **United States**' audit(s) and civil investigation(s) in connection with the matters covered by this **Agreement** (including attorneys' fees);

        (4)     the negotiation and performance of this **Agreement**;

        (5)     the payment the **Bank of America Parties** make to the **United States** pursuant to this **Agreement** and any payments that **Bank of America Parties** may make to **Relator**, including costs and attorneys' fees,

are unallowable costs for government contracting purposes (hereinafter referred to as Unallowable Costs).

      b. Future Treatment of Unallowable Costs:  Unallowable Costs will be separately determined and accounted for by the **Bank of America Parties**, and the **Bank of America Parties** shall not charge such Unallowable Costs directly or indirectly to any contract with the **United States**.

      c. Treatment of Unallowable Costs Previously Submitted for Payment: Within 90 days of the **Effective Date** of this **Agreement**, the **Bank of America Parties** shall identify and repay by adjustment to future claims for payment or otherwise any Unallowable Costs included in payments previously sought by the **Bank of America Parties** or any of their subsidiaries or affiliates from the **United States**. The **Bank of America Parties** agree that the **United States**, at a minimum, shall be entitled to recoup from the **Bank of America Parties** any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously-submitted requests for payment. The **United States**, including the Department of Justice and/or the affected agencies, reserves its rights to audit, examine, or re-examine the **Bank of America Parties**' books and records and to disagree with any calculations submitted by the **Bank of America Parties** or any of their subsidiaries or affiliates regarding any Unallowable Costs included in payments previously sought by the **Bank of America Parties**, or the effect of any such Unallowable Costs on the amount of such payments.

13.    The **Bank of America Parties** agree to cooperate fully and truthfully with the **United States**' investigation of individuals and entities not released by the **United States** in this **Agreement**. Upon reasonable notice, the **Bank of America Parties** shall encourage, and agree not to impair, the cooperation of their directors, officers, and employees, and shall use their best efforts to make available, and encourage, the cooperation of former directors, officers, and employees for interviews and testimony, consistent with the rights and privileges of such individuals. The **Bank of America Parties** further agree to furnish to the **United States**, upon request, complete and unredacted copies of all non-privileged documents, reports, memoranda of interviews, and records in their possession, custody, or control concerning any investigation

of the **Covered Conduct** that they have undertaken, or that has been performed by another on their behalves.

14.     This **Agreement** is intended to be for the benefit of the **Parties** (as defined in the Initial Paragraph of this **Agreement** above), **Jacobs' Counsel** in their capacities as such, and the **Released Parties** (as defined in Paragraph 7 above), only.

15.     **Relator** represents that should any information concerning the settlement negotiations in this matter be sought from him in discovery in other litigation, he shall provide reasonable notification to the **Bank of America Parties**, who will have the option to object to or take other action with respect to such discovery relating to the settlement negotiations in this matter. **Relator** shall take all reasonable steps to ensure that any such discovery will be made only pursuant to a confidentiality order entered by the appropriate court that otherwise preserves the confidentiality of the discovery sought.

16.     **Relator** and his counsel agree to comply with the confidentiality order in this case, including an agreement not to use materials from this case in other litigation (whether or not marked confidential), with the exception of documents attached to pleadings in the court file as of the date of this **Agreement**. **Relator** and his counsel agree not to contest the confidentiality designations that the **Bank of America Parties** have made to date under the confidentiality order. **Relator** and his counsel do not agree that any of those designations were appropriate, nor do they agree to similar or the same designations being made as to documents obtained in other cases.

17.     **Relator** and **Relator's Counsel** will return all documents produced in discovery and will certify to the Court that all copies have been returned or destroyed. **Relator** and his counsel reserve the right to request in foreclosure cases in which they are defense counsel copies of types of documents (i.e., particular screenshots or other documents or computer records) from the **Bank of America Parties** of which he became aware in this litigation. The **Bank of America Parties** reserve the right to object to the production of documents in those other cases and to protect the confidentiality thereof, and the courts in those other cases will determine whether any documents should be produced in those other cases and whether any documents so produced in those other cases will be deemed confidential. **Relator** and his counsel reserve the

right to argue that any documents produced in those other cases should not be deemed confidential.

18.     Except as otherwise stated herein, each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this **Agreement**.

19.     **Relator** and **Relator's Counsel** agree that this **Agreement** cannot be offered in any proceeding against the **Bank of America Parties** as an admission of any alleged fact or deficiency of any defense. Nothing in this **Agreement** is intended to suggest that the **Bank of America Parties** will cease using either rubber-stamped note endorsements or MERS assignments in foreclosure actions, and, in fact, the **Bank of America Parties** will continue using the same. **Jacobs** reserves the right to, in any cases in which he is counsel for a client other than himself, contest the validity of said MERS assignments or rubber-stamped note endorsements.

20.     Each party and signatory to this **Agreement** represents that it freely and voluntarily enters in to this **Agreement** without any degree of duress or compulsion.

21.     This **Agreement** is governed by the laws of the United States. The Parties consent to jurisdiction to enforce the provisions of this **Agreement** in the United States District Court for the Southern District of Florida. The exclusive jurisdiction and venue for any dispute relating to this **Agreement** is the United States District Court for the Southern District of Florida. For purposes of construing this **Agreement**, this **Agreement** shall be deemed to have been drafted by all Parties to this **Agreement** and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

22.     The undersigned counsel represent and warrant that they are fully authorized to execute this **Agreement** on behalf of the persons and entities indicated below.

23.     This **Agreement** may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same **Agreement**. Facsimiles and electronic PDFs of signatures shall constitute acceptable, binding signatures for purposes of this **Agreement**.

24.     This **Agreement** is binding on the **Bank of America Parties**' successors, transferees, and assigns.

25.     This **Agreement** is binding on **Relator**'s successors, transferees, heirs, and assigns.

26.     All parties consent to the **United States**' disclosure of this **Agreement**, and information about this **Agreement**, to the public.

    a.     Notwithstanding the foregoing, **Relator** and all of his counsel agree not to make any public reference to this case and/or this **Agreement**, including but not limited to in any marketing or other publicity materials, in social media, websites, blogs, press releases, advertising brochures, radio broadcasts, seminars, CLEs, or other media or forums; provided, however, that nothing in this paragraph shall preclude **Relator** and/or any of **Relator's Counsel** from referring to this case (but not the settlement amount) in any court filing, court hearing, private client meeting, or other private conversation (whether individually or in small groups).

27.     **Relator** acknowledges that a breach by him of Paragraphs 7, 15, 16, 17, or 26.a. above will result in irreparable harm to the **Bank of America Parties**.

28.     All notices, requests, demands, or other communications required or contemplated hereunder or relating hereto shall be in writing and forwarded by first class mail and/or facsimile, with a copy by email, and addressed as follows:

### RELATOR:

**Bruce Jacobs**
169 East Flagler Street, Suite 1620
Miami, Florida  33131
E-mail: jacobs@jakelegal.com
Fax: (305) 358-7992

### JACOBS' COUNSEL:

**Court Keeley, Esq.**
**Jacobs Keeley, P.L.L.C.**
169 East Flagler Street, Suite 1620
Miami, Florida  33131
E-mail: keeley@jakelegal.com
Fax: (305) 358-7992

**Lilly Ann Sanchez, Esq.**
**The LS Law Firm**
Four Seasons Tower – Suite 1200
1441 Brickell Avenue

Miami, FL 33131
E-mail: lsanchez@thelsfirm.com

**Benedict P. Kuehne, Esq.**
**Law Office of Benedict P. Kuehne, P.A.** and
**Kuehne Davis Law, P.A.**
100 S.E. 2d Street, Suite 3550
Miami, FL 33131-2154
E-mail: ben.kuehne@kuehnelaw.com
Fax: (305) 789-5987

**David B. Haber, Esq.**
**Haber Slade, P.A.**
201 S. Biscayne Blvd. Suite 1205
Miami, FL 33131
E-mail: dhaber@dhaberlaw.com
Fax: (305) 379-1106

**Rachel V. Rose – Attorney at Law, PLLC**
PO Box 22718
Houston, Texas 77227
E-mail: rvrose@rvrose.com

## BANK OF AMERICA PARTIES:

**Bank of America Corporation**
100 North Tryon Street
Charlotte, North Carolina 28255

**Bank of America, National Association**
100 North Tryon Street
Charlotte, North Carolina 28255

**BAC Home Loans Servicing L.P.**
100 North Tryon Street
Charlotte, North Carolina 28255

**Countrywide Home Loans, Inc.**
31303 Agoura Road
Westlake Village, California 91361

**Countrywide Financial Corporation**
31303 Agoura Road
Westlake Village, California 91361

**Countrywide Mortgage Ventures, L.L.C.**
31303 Agoura Road
Westlake Village, California 91361

**Countrywide Bank, F.S.B.**
100 North Tryon Street
Charlotte, North Carolina 28255

**ReconTrust, N.A.**
1800 Tapo Canyon Road
Simi Valley, California 93063

**ATTORNEYS FOR BANK OF AMERICA PARTIES:**

**Matthew T. Martens, Esq.**
**WilmerHale, LLP**
1875 Pennsylvania Ave. NW
Washington, DC 20006
E-mail: matthew.martens@wilmerhale.com
Fax: (202) 663-6363

**COUNSEL FOR THE UNITED STATES OF AMERICA:**

**James A. Weinkle, AUSA**
**Office of the United States Attorney**
**Southern District of Florida**
99 N.E. 4th Street, 3rd Floor
Miami, Florida 33132
E-mail: James.Weinkle@usdoj.gov
Fax: (305) 530-7139

29.     This **Agreement** constitutes the complete agreement between the Parties. This **Agreement** may not be amended except by written consent of the Parties.

30.     This **Agreement** is effective on the date of signature of the last signatory to the **Agreement** ("**Effective Date**" of this **Agreement**).

### THE UNITED STATES OF AMERICA

Dated: the 5ᵗʰ day of January, 2018

BENJAMIN G. GREENBERG
**United States Attorney**

By: _____

**James A. Weinkle**
**Assistant United States Attorney**
 Florida Bar No.: 710891
**Office of the United States Attorney**
**for the Southern District of Florida**
99 N.E. 4th Street, 3rd Floor
Miami, Florida 33132

Telephone: 305.961.9290/Fax: 305.530.7139
Email:  James.Weinkle@usdoj.gov

**Counsel for United States of America**

## THE BANK OF AMERICA PARTIES

### BANK OF AMERICA CORPORATION

Dated: the 4ᵗʰ day of January, 2018          By: _____

**Debra J. Minton**, Senior Vice President

Dated: the ____ day of January, 2018          By: _____

**Matthew T. Martens, Esq.**
 D.C. Bar No.: 1019099
**WilmerHale, LLP**
1875 Pennsylvania Ave. NW
Washington, DC 20006

Telephone: 202.663.6921
Fax: 202.663.6363
E-mail: matthew.martens@wilmerhale.com

**As Counsel for**
**Bank of America Corporation**

### BANK OF AMERICA, NATIONAL ASSOCIATION

Dated: the ____ day of January, 2018          By: _____

**Michael Keating**, Managing Director

_____

Title

Dated: the ____ day of January, 2018          By: _____

**Matthew T. Martens, Esq.**
 D.C. Bar No.: 1019099
**WilmerHale, LLP**
1875 Pennsylvania Ave. NW
Washington, DC 20006

Telephone: 202.663.6921
Fax: 202.663.6363
E-mail: matthew.martens@wilmerhale.com

**As Counsel for Bank of America, N.A.**

## THE BANK OF AMERICA PARTIES

### BANK OF AMERICA CORPORATION

Dated: the ____ day of January, 2018      By: _____

                                                          **Debra J. Minton**, Senior Vice President

Dated: the ____ day of January, 2018      By: _____

                                                          **Matthew T. Martens, Esq.**
  D.C. Bar No.: 1019099
**WilmerHale, LLP**
1875 Pennsylvania Ave. NW
Washington, DC 20006

Telephone: 202.663.6921
Fax: 202.663.6363
E-mail: matthew.martens@wilmerhale.com

**As Counsel for**
**Bank of America Corporation**

### BANK OF AMERICA, NATIONAL ASSOCIATION

Dated: the 6th day of January, 2018      By: _____

                                                          **Michael Keating**, Managing Director

                                                          _____
                                                          Title

Dated: the ____ day of January, 2018      By: _____

                                                          **Matthew T. Martens, Esq.**
  D.C. Bar No.: 1019099
**WilmerHale, LLP**
1875 Pennsylvania Ave. NW
Washington, DC 20006

Telephone: 202.663.6921
Fax: 202.663.6363
E-mail: matthew.martens@wilmerhale.com

**As Counsel for Bank of America, N.A.**

-16- of -21-

## THE BANK OF AMERICA PARTIES

### BANK OF AMERICA CORPORATION

Dated: the ____ day of January, 2018        By: _____
                                            **Debra J. Minton**, Senior Vice President

Dated: the 4th day of January, 2018         By: _____
                                            **Matthew T. Martens, Esq.**
                                             D.C. Bar No.: 1019099
                                            **WilmerHale, LLP**
                                            1875 Pennsylvania Ave. NW
                                            Washington, DC 20006

                                            Telephone: 202.663.6921
                                            Fax: 202.663.6363
                                            E-mail: matthew.martens@wilmerhale.com

                                            **As Counsel for
                                            Bank of America Corporation**

### BANK OF AMERICA, NATIONAL ASSOCIATION

Dated: the ____ day of January, 2018        By: _____
                                            **Michael Keating**, Managing Director

                                            _____
                                            Title

Dated: the 4th day of January, 2018         By: _____
                                            **Matthew T. Martens, Esq.**
                                             D.C. Bar No.: 1019099
                                            **WilmerHale, LLP**
                                            1875 Pennsylvania Ave. NW
                                            Washington, DC 20006

                                            Telephone: 202.663.6921
                                            Fax: 202.663.6363
                                            E-mail: matthew.martens@wilmerhale.com

                                            **As Counsel for Bank of America, N.A.**

**BAC HOME LOANS SERVICING, L.P.**

Dated: the _5th_ day of January, 2018          By: _____

                                           **Michael Keating**, Managing Director
                                           Bank of America, National Association,
                                           successor to BAC Home Loans Servicing, L.P.

Dated: the ____ day of January, 2018          By: _____

                                           **Matthew T. Martens, Esq.**
                                            D.C. Bar No.: 1019099
                                         **WilmerHale, LLP**
                                         1875 Pennsylvania Ave. NW
                                         Washington, DC 20006

                                       Telephone: 202.663.6921
                                       Fax: 202.663.6363
                                       E-mail: matthew.martens@wilmerhale.com

                                    **As Counsel for BAC Home Loans Servicing, L.P.**

**COUNTRYWIDE HOME LOANS, INC.**

Dated: the _5th_ day of January, 2018          By: _____
                                           **Michael Keating**, President

Dated: the ____ day of January, 2018          By: _____

                                           **Matthew T. Martens, Esq.**
                                            D.C. Bar No.: 1019099
                                         **WilmerHale, LLP**
                                         1875 Pennsylvania Ave. NW
                                         Washington, DC 20006

                                       Telephone: 202.663.6921
                                       Fax: 202.663.6363
                                       E-mail: matthew.martens@wilmerhale.com

                                    **As Counsel for Countrywide Home Loans, Inc.**

BAC HOME LOANS SERVICING, L.P.

Dated: the _____ day of January, 2018

By: _____

**Michael Keating**, Managing Director
Bank of America, National Association,
successor to BAC Home Loans Servicing, L.P.

Dated: the 4th day of January, 2018

By: _____

**Matthew T. Martens, Esq.**
  D.C. Bar No.: 1019099
**WilmerHale, LLP**
1875 Pennsylvania Ave. NW
Washington, DC 20006

Telephone: 202.663.6921
Fax: 202.663.6363
E-mail: matthew.martens@wilmerhale.com

**As Counsel for BAC Home Loans Servicing, L.P.**

COUNTRYWIDE HOME LOANS, INC.

Dated: the _____ day of January, 2018

By: _____

**Michael Keating**, President

Dated: the 4th day of January, 2018

By: _____

**Matthew T. Martens, Esq.**
  D.C. Bar No.: 1019099
**WilmerHale, LLP**
1875 Pennsylvania Ave. NW
Washington, DC 20006

Telephone: 202.663.6921
Fax: 202.663.6363
E-mail: matthew.martens@wilmerhale.com

**As Counsel for Countrywide Home Loans, Inc.**

**COUNTRYWIDE FINANCIAL CORPORATION**

Dated: the 5th day of January, 2018

By: _____
       **Michael Keating**, President

Dated: the _____ day of January, 2018

By: _____
       **Matthew T. Martens, Esq.**
       D.C. Bar No.: 1019099
       **WilmerHale, LLP**
       1875 Pennsylvania Ave. NW
       Washington, DC 20006

       Telephone: 202.663.6921
       Fax: 202.663.6363
       E-mail: matthew.martens@wilmerhale.com

**As Counsel for**
**Countrywide Financial Corporation**

**COUNTRYWIDE MORTGAGE VENTURES, L.L.C.**

Dated: the 5th day of January, 2018

By: _____
       **Michael Keating**, President
       Countrywide Financial Corporation,
       successor to Countrywide Mortgage
       Ventures, LLC

Dated: the _____ day of January, 2018

By: _____
       **Matthew T. Martens, Esq.**
       D.C. Bar No.: 1019099
       **WilmerHale, LLP**
       1875 Pennsylvania Ave. NW
       Washington, DC 20006

       Telephone: 202.663.6921
       Fax: 202.663.6363
       E-mail: matthew.martens@wilmerhale.com

**As Counsel for**
**Countrywide Mortgage Ventures, L.L.C.**

COUNTRYWIDE FINANCIAL CORPORATION

Dated: the _____ day of January, 2018          By: _____
                                               **Michael Keating**, President

Dated: the 4th day of January, 2018            By: _____
                                               **Matthew T. Martens, Esq.**
                                                D.C. Bar No.: 1019099
                                               **WilmerHale, LLP**
                                               1875 Pennsylvania Ave. NW
                                               Washington, DC 20006

                                               Telephone: 202.663.6921
                                               Fax: 202.663.6363
                                               E-mail: matthew.martens@wilmerhale.com

                                               **As Counsel for**
                                               **Countrywide Financial Corporation**

COUNTRYWIDE MORTGAGE VENTURES, L.L.C.

Dated: the _____ day of January, 2018          By: _____
                                               **Michael Keating**, President
                                               Countrywide Financial Corporation,
                                               successor to Countrywide Mortgage
                                               Ventures, LLC

Dated: the 4th day of January, 2018            By: _____
                                               **Matthew T. Martens, Esq.**
                                                D.C. Bar No.: 1019099
                                               **WilmerHale, LLP**
                                               1875 Pennsylvania Ave. NW
                                               Washington, DC 20006

                                               Telephone: 202.663.6921
                                               Fax: 202.663.6363
                                               E-mail: matthew.martens@wilmerhale.com

                                               **As Counsel for**
                                               **Countrywide Mortgage Ventures, L.L.C.**

**COUNTRYWIDE BANK, F.S.B.**

Dated: the ___5ᵗʰ___ day of January, 2018          By: _____

**Michael Keating**, Managing Director
Bank of America, National Association,
successor to Countrywide Bank, F.S.B.


Dated: the _____ day of January, 2018          By: _____

**Matthew T. Martens, Esq.**
 D.C. Bar No.: 1019099
**WilmerHale, LLP**
1875 Pennsylvania Ave. NW
Washington, DC 20006

Telephone: 202.663.6921
Fax: 202.663.6363
E-mail: matthew.martens@wilmerhale.com

**As Counsel for Countrywide Bank, F.S.B.**


**RECONTRUST, N.A.**


Dated: the _____ day of January, 2018          By: _____

**Kathryn Shedd**, President and
Chief Executive Officer


Dated: the _____ day of January, 2018          By: _____

**Matthew T. Martens, Esq.**
 D.C. Bar No.: 1019099
**WilmerHale, LLP**
1875 Pennsylvania Ave. NW
Washington, DC 20006

Telephone: 202.663.6921
Fax: 202.663.6363
E-mail: matthew.martens@wilmerhale.com

**As Counsel for ReconTrust, N.A.**

## COUNTRYWIDE BANK, F.S.B.

Dated: the ____ day of January, 2018       By:_____

                                            **Michael Keating**, Managing Director
                                            Bank of America, National Association,
                                            successor to Countrywide Bank, F.S.B.

Dated: the ____ day of January, 2018       By: _____

                                            **Matthew T. Martens, Esq.**
                                             D.C. Bar No.: 1019099
                                            **WilmerHale, LLP**
                                            1875 Pennsylvania Ave. NW
                                            Washington, DC 20006

                                            Telephone: 202.663.6921
                                            Fax: 202.663.6363
                                            E-mail: matthew.martens@wilmerhale.com

                                            **As Counsel for Countrywide Bank, F.S.B.**

## RECONTRUST, N.A.

Dated: the _5_ day of January, 2018       By: _____

                                            **Kathryn Shedd**, President and
                                            Chief Executive Officer

Dated: the ____ day of January, 2018       By: _____

                                            **Matthew T. Martens, Esq.**
                                             D.C. Bar No.: 1019099
                                            **WilmerHale, LLP**
                                            1875 Pennsylvania Ave. NW
                                            Washington, DC 20006

                                            Telephone: 202.663.6921
                                            Fax: 202.663.6363
                                            E-mail: matthew.martens@wilmerhale.com

                                            **As Counsel for ReconTrust, N.A.**

COUNTRYWIDE BANK, F.S.B.

Dated: the _____ day of January, 2018            By: _____

**Michael Keating**, Managing Director
Bank of America, National Association,
successor to Countrywide Bank, F.S.B.

Dated: the 4th day of January, 2018            By: _____

**Matthew T. Martens, Esq.**
 D.C. Bar No.: 1019099
**WilmerHale, LLP**
1875 Pennsylvania Ave. NW
Washington, DC 20006

Telephone: 202.663.6921
Fax: 202.663.6363
E-mail: matthew.martens@wilmerhale.com

**As Counsel for Countrywide Bank, F.S.B.**

RECONTRUST, N.A.

Dated: the _____ day of January, 2018            By: _____

**Kathryn Shedd**, President and
Chief Executive Officer

Dated: the 4th day of January, 2018            By: _____

**Matthew T. Martens, Esq.**
 D.C. Bar No.: 1019099
**WilmerHale, LLP**
1875 Pennsylvania Ave. NW
Washington, DC 20006

Telephone: 202.663.6921
Fax: 202.663.6363
E-mail: matthew.martens@wilmerhale.com

**As Counsel for ReconTrust, N.A.**

**RELATOR**

Dated: the 4 day of January, 2018          By: _____

                                            **Bruce Jacobs**
                                              Florida Bar No.: 116203
                                            **JACOBS | KEELEY, PLLC**
                                            Alfred I. DuPont Building
                                            169 E Flagler St, Suite 1620
                                            Miami, FL 33131-1211

                                            Tel: 305.358.7991/Fax: 305.358.7992
                                            Email: Jacobs@JAKELegal.com

                                            **As Relator, as an Individual and as Counsel for Relator**

Dated: the 4 day of January, 2018          By: _____

                                            **Court Keeley, Esq.**
                                              Florida Bar No.: 23441
                                            **JACOBS | KEELEY, PLLC**
                                            Alfred I. DuPont Building
                                            169 E Flagler St, Suite 1620
                                            Miami, FL 33131-1211

                                            Tel: 305.358.7991/Fax: 305.358.7992
                                            Email: Keeley@JAKELegal.com

                                            **As Counsel for Relator**

Dated: the ____ day of January, 2018          By: _____

                                            **Lilly Ann Sanchez, Esq.**
                                              Florida Bar No.: 195677
                                            **THE LS LAW FIRM**
                                            Four Seasons Tower, Suite 1200
                                            1441 Brickell Ave
                                            Miami, FL 33131-3439

                                            Tel: 305.503.5503/Fax: 305.503.6801
                                            Email: lsanchez@thelsfirm.com

                                            **As Counsel for Relator**

**RELATOR**

Dated: the _____ day of January, 2018

By: _____
**Bruce Jacobs**
  Florida Bar No.: 116203
**JACOBS | KEELEY, PLLC**
Alfred I. DuPont Building
169 E Flagler St, Suite 1620
Miami, FL 33131-1211

Tel: 305.358.7991/Fax: 305.358.7992
Email: Jacobs@JAKELegal.com

**As Relator, as an Individual and as Counsel for Relator**

Dated: the _____ day of January, 2018

By: _____
**Court Keeley, Esq.**
  Florida Bar No.: 23441
**JACOBS | KEELEY, PLLC**
Alfred I. DuPont Building
169 E Flagler St, Suite 1620
Miami, FL 33131-1211

Tel: 305.358.7991/Fax: 305.358.7992
Email: Keeley@JAKELegal.com

**As Counsel for Relator**

Dated: the _____ day of January, 2018

By: _____
**Lilly Ann Sánchez, Esq.**
  Florida Bar No.: 195677
**THE LS LAW FIRM**
Four Seasons Tower, Suite 1200
1441 Brickell Ave
Miami, FL 33131-3439

Tel: 305.503.5503/Fax: 305.503.6801
Email: lsanchez@thelsfirm.com

**As Counsel for Relator**

Dated: the ____ day of January, 2018

By: _____

**Benedict P. Kuehne, Esq.**
  Florida Bar No.: 233293
**KUEHNE DAVIS LAW, P.A.**
100 SE 2nd St, Suite 3550
Miami, FL 33131-2112

Tel: 305.789.5989/Fax: 305.789.5987
Email: Ben.Kuehne@KuehneLaw.com

**As Counsel for Relator**


Dated: the ____ day of January, 2018

By: _____

**David B. Haber, Esq.**
  Florida Bar No.: 435368
**Roger Slade, Esq.**
  Florida Bar No.: 41319
**HABER SLADE, P.A.**
201 S. Biscayne Blvd. Suite 1205
Miami, FL 33131

Tel: 305.379.2400/Fax: 305.379.1106
E-mail: dhaber@dhaberlaw.com
E-mail: rslade@dhaberlaw.com

**As Counsel for Relator**


Dated: the ____ day of January, 2018

By: _____

**Rachel V. Rose, Esq.**
  Texas Bar No.: 24074982
PO Box 22718
Houston, TX 77227-2718
Email: rvrose@rvrose.com

**As Former Counsel for Relator**

Dated: the ____ day of January, 2018

By: _____

**Benedict P. Kuehne, Esq.**
  Florida Bar No.: 233293
**KUEHNE DAVIS LAW, P.A.**
100 SE 2nd St, Suite 3550
Miami, FL 33131-2112

  Tel: 305.789.5989/Fax: 305.789.5987
  Email: Ben.Kuehne@KuehneLaw.com

**As Counsel for Relator**

Dated: the ____ day of January, 2018

By: _____

**David B. Haber, Esq.**
  Florida Bar No.: 435368
**Roger Slade, Esq.**
  Florida Bar No.: 41319
**HABER SLADE, P.A.**
201 S. Biscayne Blvd. Suite 1205
Miami, FL 33131

  Tel: 305.379.2400/Fax: 305.379.1106
  E-mail: dhaber@dhaberlaw.com
  E-mail: rslade@dhaberlaw.com

**As Counsel for Relator**

Dated: the ____ day of January, 2018

By: _____

**Rachel V. Rose, Esq.**
  Texas Bar No.: 24074982
PO Box 22718
Houston, TX 77227-2718
Email: rvrose@rvrose.com

**As Former Counsel for Relator**

Dated: the _____ day of January, 2018    By: _____

**Benedict P. Kuehne, Esq.**
 Florida Bar No.: 233293
**KUEHNE DAVIS LAW, P.A.**
100 SE 2nd St, Suite 3550
Miami, FL 33131-2112

Tel: 305.789.5989/Fax: 305.789.5987
Email: Ben.Kuehne@KuehneLaw.com

**As Counsel for Relator**


Dated: the _____ day of January, 2018    By: _____

**David B. Haber, Esq.**
 Florida Bar No.: 435368
**Roger Slade, Esq.**
 Florida Bar No.: 41319
**HABER SLADE, P.A.**
201 S. Biscayne Blvd. Suite 1205
Miami, FL 33131

Tel: 305.379.2400/Fax: 305.379.1106
E-mail: dhaber@dhaberlaw.com
E-mail: rslade@dhaberlaw.com

**As Counsel for Relator**


Dated: the 5th day of January, 2018    By: Rachel V. Rose, Esq.

**Rachel V. Rose, Esq.**
 Texas Bar No.: 24074982
PO Box 22718
Houston, TX 77227-2718
Email: rvrose@rvrose.com

**As Former Counsel for Relator**

Addendum "1"


Joint Stipulation for Dismissal and
proposed Order of Dismissal

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 1:15-cv-24585-UNGARO/O'SULLIVAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|   *ex rel.*, BRUCE JACOBS, | ) |
| | ) |
|  Plaintiffs, | ) |
| | ) |
|  v. | ) |
| | ) |
| BANK OF AMERICA CORPORATION; | ) |
| BANK OF AMERICA, N.A.; | ) |
| BAC HOME LOANS SERVICING L.P.; | ) |
| COUNTRYWIDE HOME LOANS, INC.; | ) |
| COUNTRYWIDE FINANCIAL CORPORATION; | ) |
| COUNTRYWIDE MORTGAGE VENTURES, LLC. | ) |
| COUNTRYWIDE BANK, F.S.B.; and | ) |
| RECONTRUST COMPANY, N.A., | ) |
| | ) |
|  Defendants. | ) |
| ———————————————————— | ) |

### JOINT STIPULATION FOR DISMISSAL

Pursuant to Federal Rule of Civil Procedure 41(a)(1) and the qui tam provisions of the

False Claims Act, 31 U.S.C. § 3730(b)(l), the United States of America ("United States"),

Relator Bruce Jacobs ("Relator" or "Jacobs") and Defendants Bank of America Corporation;

Bank of America, N.A.; BAC Home Loans Servicing L.P.; Countrywide Home Loans, Inc.;

Countrywide Financial Corporation; Countrywide Mortgage Ventures, L.L.C.; Countrywide

Bank, F.S.B.; and Recontrust Company, N.A., (collectively the "Bank of America Parties"

or "Defendants") through their respective undersigned counsel, hereby stipulate to the

dismissal of this action as follows:

1.    The United States, Jacobs and the Bank or America Parties have settled this

action.

2.      As such, the parties stipulate to the dismissal, with prejudice as to those certain 39 civil "Implied Certification and False Statement Claims"[1] against the Bank of America Parties arising from the 39 loans identified in Exhibit FF to Relator's Second Amended Complaint [D.E. 79-32] (hereinafter the "39 Intervened Implied Certification and False Statement Claims").

3.      Further, the parties stipulate to the dismissal with prejudice as to Jacobs of all other claims that he brought or could have brought in this action.

4.      Finally, the parties stipulate to the dismissal without prejudice as to the United States as to any claims other than the 39 Intervened Implied Certification and False Statement Claims.

5.      The United States, Relator and the Bank of America Parties further request that the Court retain jurisdiction to enforce the terms, conditions and releases of the Settlement

---

[1]      Relator's Second Amended Complaint alleges False Claims Act ("FCA") violations and unjust enrichment involving the Bank of America Parties' application for and receipt of FHA mortgage insurance payments from the U.S. Department of Housing and Urban Development ("HUD") and the Federal Housing Administration ("FHA"). Jacobs alleges that the Bank of America Parties submitted false claims and made false statements and reports, in violation of the FCA, in two principal ways. First, that the Bank of America Parties allegedly violated the FCA by "prosecut[ing] foreclosures using surrogate signed endorsements placed on original notes," by "submit[ting] false statements and testimony about the dates when endorsements were stamped," and by "us[ing] purported assignments to the . . . MERS [Mortgage Electronic Registration System, Inc.] . . . to mislead courts into believing that [Defendants] had received an assignment of a mortgage that would confer standing to foreclose." Omnibus Order at 4-5 (internal quotation marks omitted in Order); Jacobs' Second Amended Complaint, ¶ 52) [the "Implied Certification and False Statement Claims"]. Jacobs attached as Exhibit FF to Jacobs' Second Amended Complaint a spreadsheet of 39 "FHA Claims Identified By FHA Case Number With Dates & Amounts Paid To Bank Of America, N.A. and Their Affiliates." On August 4, 2017, the Court limited discovery in this action "to that which is relevant and proportional to proving or disproving the allegations concerning the 39 FHA claims pleaded in [Jacobs]' . . . Second Amended Complaint [D.E. 79] including but not limited to Exhibit FF [D.E. 79-32] thereto." D.E. 223 [the "39 civil "Implied Certification and False Statement Claims""]. Second, Jacobs asserted a reverse false claims act claim (Jacobs' Second Amended Complaint, ¶ 51) and a related conspiracy claim, that this Court dismissed with prejudice.

Agreement, to the extent reasonably necessary and appropriate. A fully executed copy of the

Settlement Agreement is appended hereto.

A proposed order accompanies this motion.

Dated: the __ day of January 5, 2018        Respectfully submitted,

**WilmerHale, LLP**                          **BENJAMIN G. GREENBERG**
**Matthew T. Martens, Esq.**                 **United States Attorney**
D.C. Bar No.: 1019099
1875 Pennsylvania Ave. NW                    **By: /s/**_____
Washington, DC 20006
Tel.: 202.663.6921/Fax: 202.663.6363              **JAMES A. WEINKLE**
E-mail: matthew.martens@wilmerhale.com            **Assistant United States Attorney**
                                                  Fla. Bar No.: 0710891
**WilmerHale, LLP**                               99 N.E. 4th Street, Suite 300
**Andrea J. Robinson** (*pro hac vice*)           Miami, Florida 33132
60 State Street                                   Tel: 305.961.9290/Fax: 305.530.7139
Boston, MA 02109                                  Email: James.Weinkle@usdoj.gov
Tel.: 617.526.6000/Fax: 617.526.5000
Email: Andrea.Robinson@wilmerhale.com        Counsel for United States of America

**Liebler, Gonzalez & Portuondo**           **Bruce Jacobs**
44 West Flagler Street
Miami, FL. 33130                             **By: /s/**_____
Tel: 305.379.0400/Fax: 305.379.9626
Email: cmm@lgplaw.com                             **Bruce Jacobs**
                                                  Florida Bar No.: 116203
**By: /s/**_____              **Jacobs | Keeley, PLLC**
     Christine M. Manzo                           Alfred I. DuPont Building
     Florida Bar No. 0052121                      169 E Flagler St, Suite 1620
                                                  Miami, FL 33131-1211
Counsel for Defendants                            Tel: 305.358.7991/Fax: 305.358.7992
Bank Of America Corporation,                      Email: Jacobs@JAKELegal.com
Bank Of America, N.A.,
Bac Home Loans Servicing, L.P.,              As Relator, as an Individual and as Counsel
Countrywide Home Loans, Inc.,                for Relator
Countrywide Financial Corporation,
Countrywide Mortgage Ventures, L.L.C.,       **Jacobs | Keeley, PLLC**
Countrywide Bank, F.S.B., and                Alfred I. DuPont Building
Recontrust Company, N.A.                     169 E Flagler St, Suite 1620
                                             Miami, FL 33131-1211
                                             Tel: 305.358.7991/Fax: 305.358.7992
                                             Email: Keeley@JAKELegal.com

By: /s/ _____
       **Court Keeley, Esq.**
       Florida Bar No.: 23441

As Counsel for Relator

**The LS Law Firm**
Four Seasons Tower, Suite 1200
1441 Brickell Ave
Miami, FL 33131-3439
Tel: 305.503.5503/Fax: 305.503.6801
Email: lsanchez@thelsfirm.com

By: /s/ _____
       **Lily Ann Sanchez, Esq.**
       Florida Bar No.: 195677

As Counsel for Relator

**Kuehne Davis Law, P.A.**
100 SE 2nd St, Suite 3550
Miami, FL 33131-2112
Tel: 305.789.5989/Fax: 305.789.5987
Email: Ben.Kuehne@KuehneLaw.com

By: /s/ _____
       **Benedict P. Kuehne, Esq.**
       Florida Bar No.: 233293

As Counsel for Relator

**Haber Slade, P.A.**
201 S. Biscayne Blvd. Suite 1205
Miami, FL 33131
Tel: 305.379.2400/Fax: 305.379.1106
E-mail: dhaber@dhaberlaw.com
E-mail: rslade@dhaberlaw.com

By: /s/ _____
       **David B. Haber, Esq.**
       Florida Bar No.: 435368
       **Roger Slade, Esq.**
       Florida Bar No.: 41319

As Counsel for Relator

## **CERTIFICATE OF FILING AND SERVICE**

I HEREBY CERTIFY that on the ___ of January, 2018, I electronically caused the foregoing document to be filed with the Clerk of Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

**By: _/s/_____**
       **James A. Weinkle**
       **Assistant United States Attorney**

# PROPOSED ORDER

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 1:15-cv-24585-UNGARO/O'SULLIVAN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  *ex rel.*, BRUCE JACOBS, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| BANK OF AMERICA CORPORATION;<br>BANK OF AMERICA, N.A.;<br>BAC HOME LOANS SERVICING L.P.;<br>COUNTRYWIDE HOME LOANS, INC.;<br>COUNTRYWIDE FINANCIAL CORPORATION;<br>COUNTRYWIDE MORTGAGE VENTURES, LLC.<br>COUNTRYWIDE BANK, F.S.B.; and<br>RECONTRUST COMPANY, N.A., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

### ORDER ON JOINT STIPULATION OF DISMISSAL

Pursuant to Federal Rule of Civil Procedure 41(a)(1) and the qui tam provisions of the False Claims Act, 31 U.S.C. § 3730(b)(l), and the Joint Stipulation of Dismissal filed by the United States of America, Relator Bruce Jacobs and Defendants Bank of America Corporation; Bank of America, N.A.; BAC Home Loans Servicing L.P.; Countrywide Home Loans, Inc.; Countrywide Financial Corporation; Countrywide Mortgage Ventures, L.L.C.; Countrywide Bank, F.S.B.; and Recontrust Company, N.A. (n/k/a ReconTrust, N.A.), (collectively the "Bank of America Parties" or "Defendants"), it is hereby ORDERED and ADJUDGED as follows:

1.  The 39 civil "Implied Certification and False Statement Claims" [1] against the Bank

---

[1]  Relator's Second Amended Complaint alleges False Claims Act ("FCA") violations and unjust enrichment involving the Bank of America Parties' application for and receipt of FHA mortgage insurance payments from the U.S. Department of Housing and Urban Development ("HUD") and the Federal Housing Administration ("FHA"). Jacobs alleges that the Bank of America Parties submitted false claims and made false statements and reports, in violation of the FCA, in two principal ways. First, that the Bank of America Parties allegedly violated the FCA by "prosecut[ing] foreclosures using surrogate signed endorsements placed on original notes," by "submit[ting] false statements and testimony about the dates when endorsements were stamped,"

of America Parties arising from the 39 loans identified in Exhibit FF to Relator's Second Amended Complaint [D.E. 79-32] (hereinafter the "39 Intervened Implied Certification and False Statement Claims") in which the United States intervened in this action are **DISMISSED WITH PREJUDICE.**

2.  All other claims that Relator Bruce Jacobs brought or could have brought in this action are **DISMISSED WITH PREJUDICE AS TO RELATOR BRUCE JACOBS.**

3.  All claims other than the above-referenced 39 Intervened Implied Certification and False Statement Claims are **DISMISSED WITHOUT PREJUDICE AS TO THE UNITED STATES.**

4.  This Court shall retain jurisdiction to enforce the terms, conditions and releases of the Settlement Agreement between the United States, Relator and the Bank of America Parties to the extent reasonably necessary and appropriate.

DONE AND ORDERED in Miami, Florida this _____ day of January, 2018.

_____
**URSULA UNGARO**
**UNITED STATES DISTRICT JUDGE**

**Conformed copies** *to*:
All Counsel

---

and by "us[ing] purported assignments to the . . . MERS [Mortgage Electronic Registration System, Inc.] . . . to mislead courts into believing that [Defendants] had received an assignment of a mortgage that would confer standing to foreclose." Omnibus Order at 4-5 (internal quotation marks omitted in Order); Jacobs' Second Amended Complaint, ¶ 52) [the "Implied Certification and False Statement Claims"]. Jacobs attached as Exhibit FF to Jacobs' Second Amended Complaint a spreadsheet of 39 "FHA Claims Identified By FHA Case Number With Dates & Amounts Paid To Bank Of America, N.A. and Their Affiliates." On August 4, 2017, the Court limited discovery in this action "to that which is relevant and proportional to proving or disproving the allegations concerning the 39 FHA claims pleaded in [Jacobs]' . . . Second Amended Complaint [D.E. 79] including but not limited to Exhibit FF [D.E. 79-32] thereto." D.E. 223 [the "39 civil "Implied Certification and False Statement Claims""]. Second, Jacobs asserted a reverse false claims act claim (Jacobs' Second Amended Complaint, ¶ 51) and a related conspiracy claim, that this Court dismissed with prejudice.