UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-24585-CIV-UNGARO/O'SULLIVAN

UNITED STATES OF AMERICA,
ex rel. BRUCE JACOBS,

> Plaintiff,

v.

BANK OF AMERICA CORPORATION,
et al.,

> Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court on the Motion for Order Authorizing Disbursement of Settlement Funds Held in Escrow and Determination of Entitlement to Fees, with Incorporated Memorandum of Law (DE# 331, 7/11/18) filed by Bruce Jacobs (hereinafter "Relator"). This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b) for a report and recommendation. See Order of Referral to Magistrate Judge O'Sullivan for All Pretrial Proceedings (DE# 336, 7/11/18). Having reviewed the applicable filings and the law, the undersigned respectfully RECOMMENDS that the Motion for Order Authorizing Disbursement of Settlement Funds Held in Escrow and Determination of Entitlement to Fees, with Incorporated Memorandum of Law (DE# 331, 7/11/18) be **DENIED without prejudice** and that the case be **STAYED** pending arbitration in California for the reasons stated herein.

## BACKGROUND[1]

On July 11, 2018, the Relator filed the instant motion. See Motion for Order Authorizing Disbursement of Settlement Funds Held in Escrow and Determination of Entitlement to Fees, with Incorporated Memorandum of Law (DE# 331, 7/11/18) ("Relator's Motion"). On July 27, 2018, Robert Kohn and the Kohn Law Group, Inc. (collectively "Kohn") filed a response in opposition to the Relator's Motion. See Response by Non-parties Robert E. Kohn and Kohn Law Group, Inc. in Opposition to "Motion for Order Authorizing Disbursement of Settlement Funds Held in Escrow and Determination of Entitlement to Fees, with Incorporated Memorandum of Law" (D.E. 331), and Declaration of Robert E. Kohn, with Incorporated Memorandum of Law (DE# 339, 7/27/18) (hereinafter "Kohn's Response"). The Relator filed a reply on August 17, 2018. See Reply in Support of Motion for Order Authorizing Disbursement of Settlement Funds Held in Escrow and Determination of Entitlement to Fees, with Incorporated Memorandum of Law (DE# 345, 8/17/18) (hereinafter "Relator's Reply").

In the interim, on August 7, 2018, the United States District Court for the Central District of California (hereinafter "California District Court") issued a Minute Order Lifting Stay and Granting Petitioner's Motion to Compel Arbitration (DOC. NO. 9) (DE# 341-1,

---

[1] Some of the parties' filings contain multiple page numbers. For clarity and consistency, the undersigned will cite to the page numbers automatically assigned by the Court's CM/ECF system appearing at the top right-hand corner of each page. However, due to the manner in which the Respondent's Notice of Motion and Motion for Reconsideration of Order Compelling Arbitration (DE# 346-1, 8/17/18) was docketed, the page numbers automatically assigned by the Court's CM/ECF system are illegible. Accordingly, when citing to the Respondent's Notice of Motion and Motion for Reconsideration of Order Compelling Arbitration (DE# 346-1, 8/17/18), the undersigned will cite to the page numbers appearing at the bottom, center of each page.

8/8/18) (hereinafter "August 7, 2018 Minute Order"). The California District Court "found that (1) the Agreement is both valid and encompasses this dispute, and (2) an arbitrator must decide whether this dispute should be stayed under the first-to-file rule." Id. at 6. It therefore granted Kohn's motion to compel arbitration. Id. In a footnote, the California District Court noted that it was not considering any arguments raised only in the instant action, United States of America ex. rel. Bruce Jacobs v. Bank of America, et al., No. 15-CV-24585-UU. Id. at 5 n.4. The undersigned took judicial notice of the August 7, 2018 Minute Order. See Order (DE# 348 at 4-5, 8/21/18).

On August 17, 2018, the Relator filed a motion for reconsideration of the August 7, 2018 Minute Order with the California District Court. See Respondent's Notice of Motion and Motion for Reconsideration of Order Compelling Arbitration (DE# 346-1, 8/17/18). One of the arguments raised by the Relator[2] was that "the [California District] Court improvidently resolved the merits of arbitrability without receiving the respondents' arguments on the merits." Id. at 11.

On August 22, 2018, the California District Court denied the Relator's motion for reconsideration. See Minute Order (1) Denying Petitioner's Request to Strike, (Doc. No. 53); (2) Denying Respondents' Motion for Reconsideration, (Doc. 51); and (3) Vacating the Hearing on Respondents' Motion for Reconsideration (in Chambers) (hereinafter "August 22, 2018 Minute Order") (DE# 349-1, 8/24/18). Specifically, the California District Court found that reconsideration of the August 7, 2018 Minute Order was not

---

[2] The Respondent's Notice of Motion and Motion for Reconsideration of Order Compelling Arbitration (DE# 346-1, 8/17/18) was filed by the Relator, The LS Law Firm and Lilly Ann Sanchez. For ease of reference, the undersigned will refer to the motion for reconsideration as being filed by the Relator.

warranted:

> Respondents make no arguments that reconsideration is appropriate under the above enumerated grounds. Instead, they argue that it was error for the Court to grant the petition to compel without a hearing and attempt to relitigate the motion to compel arbitration, advancing arguments that they failed to make earlier in opposition. . . . Neither of these arguments provide a ground for relief under Local Rule 7-18, nor under Federal Rule of Civil Procedure 60(b), the federal analog to the local rule.

August 22, 2018 Minute Order at 3. The California District Court also rejected the

argument that the Relator had been denied the opportunity to present arguments on the

merits to the Court:

> Further, the Court notes that it did not deny Respondents the opportunity to respond to Petitioner's motion by issuing its August [7, 2018 Minute] Order. Rather, Petitioner's motion to compel, (Doc. No. 9), had been fully briefed when the Court stayed the action and its decision on that motion. (*See* Doc. No. 31.) When the Court lifted the stay, it thus properly ruled on the pending motion to compel. Moreover, as noted in the August [7, 2018 Minute] Order, although Respondents had failed to file a timely opposition to either the motion to compel or Petitioner's later-filed motion to lift stay and compel arbitration, the Court nevertheless considered their late-filed oppositions. (See Doc. No. 49 at 2 n. 3.) In other words, not only had Respondents been provided with the opportunity to oppose Petitioner's motion to compel *twice*, but the Court in fact considered their oppositions despite Local Rule 7-12 which permits it to decline to consider any document not filed within the deadline. Respondents are not entitled to a third stab at opposing Petitioner's motion to compel simply because they recognize the paucity of their earlier-advanced arguments.

Id. at 3 (italics in original).

The undersigned took judicial notice of the August 7, 2018 Minute Order. See

Order (DE# 351, 8/28/18). This matter is ripe for adjudication.

## ANALYSIS

**1.     Relator's Motion**

"On January 12, 2018, the Relator and Kohn signed an agreement that $1,035,000 would remain in the LS Law Firm PA IOTA account pending further order of a court of law or other tribunal." Relator's Motion (DE# 331 at 5). The Relator now seeks an Order authorizing the release of these funds on the grounds that Kohn "did not file a charging lien **prior to the dismissal of the underlying action** and he otherwise forfeited his entitlement to any fees by voluntarily withdrawing from the case as counsel of record." Id. (emphasis added).

At this juncture, the undersigned finds no grounds for the release of the funds in the LS Law Firm PA IOTA account. There is no provision in the January 12, 2018 agreement that required Kohn to perfect a charging lien as a condition for holding the funds in escrow. The agreement between the parties states in pertinent part:

> RELATOR and RELATOR'S COUNSEL agree that $1,035,000 will remain in the LS IOTA Trust Account pending further agreement of BRUCE JACOBS, THE LS LAW FIRM and KOHN in writing, or order of a court of law or other tribunal.

Authorization and Agreement to Transfer, Maintain and Disburse Funds (DE# 282 at 35, 1/17/18) (hereinafter "Agreement"). At present, there is no agreement between the parties for the release of these funds as evidenced by Kohn's objection to the Relator's Motion (DE# 331) and the Relator has not yet obtained an Order issued by a court or other tribunal. Thus, none of the conditions provided in the Agreement are met.

Moreover, Kohn's failure to perfect a charging lien is not grounds for the release of the funds at issue. The instant action was dismissed on January 5, 2018 when the

5

Court issued an Order on Joint Stipulation of Dismissal (DE# 277, 1/5/18). The parties entered into their Agreement on January 12, 2018, after the case had already been dismissed. See Relator's Motion at 2 (stating "[o]n January 12, 2018, the Relator and Kohn signed an agreement that $1,035,000 would remain in the LS Law Firm PA IOTA account pending further order of a court of law or other tribunal."). "To perfect a charging lien, the attorney must 'either file a notice of lien or otherwise pursue the lien in the original action' before the case is dismissed." Greenberg Traurig, P.A. v. Starling, 238 So. 3d 862, 865 (Fla. 2d DCA 2018), reh'g denied (Mar. 6, 2018) (quoting Daniel Mones, P.A. v. Smith, 486 So.2d 559, 561 (Fla. 1986)). Thus, at the time the parties entered into the January 12, 2018 Agreement, the Relator knew or should have known that Kohn had not perfected a charging lien. The undersigned fails to see how Kohn's failure to perfect a charging lien is grounds for the release of the funds the parties agreed to hold in escrow.

With respect to the argument that Kohn has forfeited his entitlement to any fees by voluntarily withdrawing from the case as counsel of record, the undersigned notes that the California District Court has already determined that the dispute at issue, which it defined as "the attorneys' fee dispute between Petitioner and Respondents arising from the BOA case," fell within the parties' arbitration agreement. See August 7, 2018 Minute Order at 5 (stating that "[s]ince this dispute directly relates to the engagement of Robert E. Kohn, the principal of Petitioner, it falls within the gambit of this provision.").

In sum, the undersigned finds no basis for the release of the escrow funds at this juncture.

**2.     The Court Should Enter a Stay of the Proceedings Pursuant to Section 3 of the Arbitration Act**

The Relator maintains that "the only issue for this Court is whether Kohn's withdrawal was voluntary." Reply at 2. The Relator further argues that "[w]hether a withdrawal is voluntary is not a valid subject for arbitration." Id. However, as noted above, the California District Court already determined that "the attorneys' fee dispute between Petitioner and Respondents arising from the BOA case," fell within the parties' arbitration agreement "[s]ince this dispute directly relates to the engagement of Robert E. Kohn, the principal of Petitioner . . . ." See August 7, 2018 Minute Order at 5.

In the Response, Kohn argues that "the Motion should be dismissed, or else stayed under § 3 of the FAA." Kohn's Response at 21. Section 3 of the Federal Arbitration Act states as follows:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. Here, the California District Court has already determined that the parties' fee dispute is subject to arbitration. See discussion, supra.

Kohn argues that "the California [District C]ourt's rulings are preclusive in establishing the arbitrability of the attorneys' fee dispute between KLG and the Respondents in California arising from this case here in Florida." See Second Request for Judicial Notice by Non-Parties Robert E. Kohn and Kohn Law Group, Inc. in Support of Response [339] to "Motion for Order Authorizing Disbursement of Settlement Funds

7

Held in Escrow and Determination of Entitlement to Fees, with Incorporated Memorandum of Law" [331] (DE# 350 at 3, 8/24/18). In response to a motion filed by Kohn, the Relator argued that the August 7, 2018 "[M]inute [O]rder [wa]s not a final order on the question of arbitrability." Response to Motion by Non-parties Robert E. Kohn and Kohn Law Group, Inc. to Vacate the Scheduled Magistrate Judge Hearing on August 27, 2018, with Incorporated Memorandum of Law (DE# 346 at 5, 8/17/18).

"[W]hether to allow issue preclusion is within the sound discretion of the trial court." In re Bush, 62 F.3d 1319, 1325 n.8 (11th Cir. 1995) (citing Parklane Hosiery Company, Inc. v. Shore, 439 U.S. 322, 331 (1979)). "[I]ssue preclusion 'bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim.'" Andreu v. HP Inc., 272 F. Supp. 3d 1329, 1331 (S.D. Fla. 2017) (quoting Taylor v. Sturgell, 553 U.S. 880, 892 (2008)). The following three elements must be present: (1) the identical issue has been fully litigated, (2) by the same parties and (3) a final decision has been rendered by a court of competent jurisdiction. See Cmty. Bank of Homestead v. Torcise, 162 F.3d 1084, 1086 (11th Cir. 1998) (citing Essenson v. Polo Club Assocs., 688 So. 2d 981, 983 (Fla. 2d DCA 1997)).

The parties in the instant case are identical to the parties in the California District Court. The California District Court has already found that the arbitration agreement is valid and that the parties' fee dispute is subject to arbitration. See August 7, 2018 Minute Order at 6. Although the Relator did not raise all of the arguments raised in the instant proceedings in the case filed in the California District Court, it was not precluded from doing so. As noted in the August 22, 2018 Minute Order denying the Relator's

8

motion for reconsideration:

> not only had Respondents been provided with the opportunity to oppose Petitioner's motion to compel *twice*, but the Court in fact considered their oppositions despite Local Rule 7-12 which permits it to decline to consider any document not filed within the deadline. Respondents are not entitled to a third stab at opposing Petitioner's motion to compel simply because they recognize the paucity of their earlier-advanced arguments.

August 22, 2018 Minute Order at 3 (italics in original). Lastly, the undersigned concludes that the California District Court issued a final order when it granted Kohn's motion to compel arbitration. See August 7, 2018 Minute Order. "A decision is final when it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" Hyan v. Hummer, 825 F.3d 1043, 1046 (9th Cir. 2016) (quoting SEC v. Capital Consultants LLC, 453 F.3d 1166, 1170 (9th Cir. 2006)).

Pursuant to section 3 of the Federal Arbitration Act, this Court should enter an Order STAYING this matter pending the arbitration in California.

## RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that: (1) the Court **STAY** this matter until the conclusion of the arbitration proceeding and (2) the Motion for Order Authorizing Disbursement of Settlement Funds Held in Escrow and Determination of Entitlement to Fees, with Incorporated Memorandum of Law (DE# 331, 7/11/18) be **DENIED without prejudice**.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Ursula Ungaro, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District

Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this **28th** day of August, 2018.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Ungaro
All counsel of record